UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE CAMPBELL,<br><br>Petitioner,<br><br>v.<br><br>ANDRE GONZALES,<br><br>Respondent. | Case No. 26-cv-00973-VC<br><br>**ORDER OF DISMISSAL OF SECOND OR SUCCESSIVE PETITION; DENYING CERTIFICATE OF APPEALABILITY** |

Anthony Campbell, a state inmate at California State Prison Solano, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 1997 state conviction from the San Mateo County Superior Court. Campbell has filed several petitions challenging this conviction. In 2000, Campbell filed a petition that was denied on the merits in 2004. *See Campbell v. Pliler*, Case No. 00-cv-1135 SBA. The Ninth Circuit affirmed the denial of the petition. *See Campbell v. Pliler*, 131 Fed. Appx. 569 (9th Cir. 2005). Campbell filed a second petition challenging this conviction in 2007. *See Campbell v. Runnels*, Case No. 07-cv-0982 SBA. The court noted that Campbell's prior case had been denied on the merits and dismissed the new case as successive. *Id*. Dkt. No. 17.

In 2023, Campbell requested permission from the Ninth Circuit to file a second or successive petition challenging the denial of his resentencing in San Mateo County Superior Court related to this conviction. *See Campbell v. Matteson*, Case No. 24-cv-1464 VC. The Ninth Circuit found that such permission was unnecessary because the petition was not second or successive due to the claim not being ripe when he filed the original petition, and transferred the case to the district court in February 2024. The district court issued an order to show cause and

ultimately dismissed the petition on October 23, 2024 as failing to state a cognizable claim, and unexhausted. Campbell filed an appeal, which was assigned Case No. 24-7055 in the Ninth Circuit.

While Case No. 24-cv-1464 VC was pending, Campbell filed another petition, which was assigned Case No. 24-cv-04231-VC. The court found that the petition in Case No. 24-cv-04231-VC only presented claims regarding the underlying 1997 conviction, and dismissed it as second or successive on September 4, 2024, without prejudice to refiling if Campbell obtained permission from the Ninth Circuit.

On September 17, 2024, Campbell filed a new request with the Ninth Circuit to file a second or successive petition, which was assigned Case No. 24-5656. On February 14, 2025, the Ninth Circuit held the petition in abeyance pending the Supreme Court's decision in *Rivers v. Lumpkin*, 23-1345. On October 17, 2025, the Ninth Circuit lifted the stay and found that the petition challenged in part the denial of Campbell's petition for resentencing under California Penal Code § 1172.6, which the district court had already denied in Case No. 24-cv-01464-VC. It dismissed that claim pursuant to 28 U.S. Code § 2244(b)(1) because it had already been presented in a prior application. It denied the application with respect to all remaining claims regarding his original conviction pursuant to 28 U.S.C. § 2244(b)(2) because it did not meet the requirements for a second or successive petition.

Campbell's current petition attempts, in Claim One, to challenge the Ninth Circuit's determination, arguing that his petition was not second or successive because it was filed before final judgment in his initial petition, citing *Rivers v. Guerrero*, 605 U.S. 443, 453 (2025). First of all, the district court may not review the Ninth Circuit's determination. Second of all, Campbell misconstrues the Ninth Circuit's order. It is true that judgment was entered on his initial petition raising the resentencing claim, in Case No. 24-cv-01464-VC, on October 24, 2024, about a month after he filed the request in the Ninth Circuit in Case No. 24-5656. But the Ninth Circuit dismissed the resentencing portion of the claim pursuant to section 2244(b)(1), which "prohibits habeas applicants from filing a subsequent petition that relitigates the merits of previously denied

claims." *Rivers*, 605 U.S. at 450. The final judgment rule from *Rivers* which Campbell attempts to invoke applies to section 2244(b)(2), which the Ninth Circuit applied to the portions of Campbell's petition that related not to his resentencing, but to his original conviction, for which final judgment on his original habeas petition was entered in 2004. The Ninth Circuit's order was consistent with *Rivers*.

Campbell's claims regarding his original conviction were addressed on the merits in 2004, and his claims regarding the state court's denial of his resentencing petition were addressed on the merits in 2025. This Court has no jurisdiction to review the Ninth Circuit's dismissal of the resentencing portion of his most recent application or denial of his application with regards to challenges to his original conviction.

With respect to Campbell's Claim Two, that he was convicted pursuant to an invalid statute, this Court reached the merits of that claim in Case No. 24-cv-01464-VC and it raises no new grounds and is second or successive. Even if the *Rivers* rule as Campbell interprets it applied to Claim Two as addressed by this Court in the first instance, the current petition was filed in this Court on January 30, 2026, well after the Court entered final judgment in Case No. 24-cv-01464-VC on October 23, 2024. This Court therefore has no jurisdiction to entertain Claim Two. The petition is therefore dismissed.

The motion for leave to proceed *in forma pauperis* is granted. Dkt. No. 2. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The clerk shall close the file and enter judgment in accordance with this order.

**IT IS SO ORDERED.**

Dated: March 30, 2026

_____
VINCE CHHABRIA
United States District Judge

3